United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE FLEMING, | ) C 07-2338 CW (PR) |
| | ) |
| Plaintiff, | ) ORDER REVIEWING AMENDED |
| | ) COMPLAINT AND ORDERING |
| v. | ) SERVICE OF COGNIZABLE |
| | ) CLAIMS |
| K.J. ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

INTRODUCTION

Plaintiff Gary Lee Fleming, an inmate at Salinas Valley State Prison (SVSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. On November 9, 2007, the Court issued an Order of Dismissal with Leave to Amend. On January 29, 2008, Plaintiff filed his amended complaint, which the Court now reviews to determine whether it states cognizable claims for relief.

DISCUSSION

The following background is taken from the Court's November 9, 2007 Order:

> Plaintiff suffers from paralysis and has been wheelchair-bound for the past nine years. He wears a catheter and urine bag, and routinely depends on his cellmate for assistance. (Pl.'s Exs., Radford Aff. & Connolly Report.) On August 23, 2006, Plaintiff's prescription for condom catheters was adjusted from seven to nine catheters per week. However, Plaintiff continued to receive only seven catheters.
>
> On September 4, 2006, Plaintiff submitted a 602 inmate appeal, alleging that SVSP medical supplies staff failed to supply him with nine catheters per week. (Pl.'s Attach., 602 appeal log no. SVSP-B-06-03042.)
>
> On September 26, 2006, Plaintiff did not receive his weekly supply of catheters. Plaintiff alerted medical supplies staff and was told he would receive his catheters the following day. However, Plaintiff did not receive his catheters the following day and he claims

**United States District Court**
For the Northern District of California

1    "this went on for a whole week."

2         On October 10, 2006, Plaintiff again did not
3    receive his weekly supply of catheters.  That same day,
     Plaintiff filed a CDC-1824 reasonable modification or
4    accommodation request form.  (Pl.'s Attach., CDC-1824
     log no. SVSP-B-06-03060.)  Plaintiff's CDC-1824 request
5    was partially granted on October 20, 2006.  On October
     29, 2006, Plaintiff filed a 602 appeal (log no. SVSP-B-
6    063060).

7         Plaintiff claims Defendants' failure to supply him
     with catheters on September 26 and October 10 was in
8    retaliation for his submission of his previous 602
     appeal (log no. SVSP-B-06-03042).  Additionally,
9    Plaintiff alleges that Defendants were deliberately
     indifferent to his serious medical needs and that they
10   violated his rights under the Americans with
     Disabilities Act and Section 504 of the Rehabilitation
11   Act.  He asks to be transferred to a "CDC Medical
     facility in Vacaville or Chino" and seeks compensatory
12   damages for "cruel and unusual punishment."

13        In the supplement to his complaint, Plaintiff
     claims that SVSP physicians discontinued his medications
14   for no reason on June 27, 2007.  He asks the Court to
     intervene and "issue orders that [his] medications be
15   reordered and that all RNs and doctors be restrained
     from discontinuing his medications."

16        Plaintiff also alleges that SVSP medical staff has
17   failed to provide him with adequate medical care.  He
     submits the exhibits from inmate Radford and
18   Correctional Officer Connolly in support of his claim.

     (Nov. 9, 2007 Order at 2-3.)

19        In its November 9, 2007 Order, the Court dismissed Plaintiff's

20   deliberate indifference claim with leave to amend because he failed

21   to allege specifically how each named defendant actually and

22   proximately caused the deprivation of a federally protected right.

23   (Nov. 9, 2007 Order at 5-6 (citing Leer v. Murphy, 844 F.2d 628,

24   634 (9th Cir. 1988)).)  Plaintiff named Appeals Examiner K.J.

25   Allen, SVSP Chief Deputy Warden Hedgpeth, Dr. Lee, Nurse Flynn,

26   Nurse Castro, Materials and Stores Supervisors Kim Hager and Efrain

27   Gonzales as Defendants; however, these Defendants were not linked

28   specifically to the allegations in the body of the complaint.  The

                                    2

Court noted that Plaintiff seemed to be alleging that some of the named Defendants were liable as supervisors.  However, Plaintiff was warned that a supervisor generally is only liable for constitutional violations of his subordinates if the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  (Nov. 9, 2007 Order at 11-12 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).)  The Court instructed Plaintiff, in his amended complaint, to allege facts supporting his claim against each individual Defendant by listing the constitutional right that Defendant violated.

The Court also found that Plaintiff's retaliation claim against Defendants Hager and Gonzales was not actionable because he had not alleged that these Defendants' actions were the cause of his injuries.  (Nov. 9, 2007 Order at 7-8 (citing Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000) (holding that a retaliation claim is not actionable unless there is an allegation of harm).  Therefore, the Court dismissed Plaintiff's retaliation claim against Defendants Hager and Gonzales with leave to amend to cure this pleading deficiency.

Plaintiff's ADA and § 504 claim against the California Department of Corrections and Rehabilitation (CDCR) was dismissed with leave to amend.  He was directed to reassert his disability discrimination claim against the CDCR in an amended complaint only if he could in good faith allege that prison personnel discriminated against him on the basis of his disability.

Finally, the Court noted that Plaintiff had not shown that he had exhausted administrative remedies on his claims, which must be

United States District Court
For the Northern District of California

1    done prior to filing them in federal court.  The Court granted

2    Plaintiff leave to amend to provide copies of denials of his

3    appeals at the Director's level of review which would indicate

4    administrative exhaustion.

5         To his amended complaint Plaintiff has attached his

6    administrative appeal on his deliberate indifference claim stemming

7    from Defendants' failure to provide him with his weekly supply of

8    catheters (log no. SVSP-B-063060).  It thus appears Plaintiff has

9    exhausted his administrative remedies as to this claim as required

10   by 42 U.S.C. § 1997e(a).

11        In his amended complaint, Plaintiff alleges that Defendant

12   Castro "did not get [his] supplies" and failed to supply his

13   catheters on September 26, 2006.  (Am. Compl. at 3a.)[1]  As to the

14   remaining Defendants, Plaintiff specifically claims that:

15   (1) Defendant Flynn "did not resolve the issue as a supervisor;"

16   (2) Defendants Gonzalez and Hager failed properly to handle his

17   appeal at the first level; and (3) Defendants Hedgpeth, Lee and

18   Allen "failed to act" in their supervisory capacity.  (Id. at 3b-

19   3c.)

20        A supervisor may be liable under section 1983 upon a showing

21   of (1) personal involvement in the constitutional deprivation or

22   (2) a sufficient causal connection between the supervisor's

23   wrongful conduct and the constitutional violation.  Redman v.

24   County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc)

25   (citation omitted).  As mentioned above, a supervisor therefore

26   generally "is only liable for constitutional violations of his

27

28        [1] Plaintiff's amended complaint includes two pages attached to
     page 3; therefore, the Court will refer to these three pages as "3a"
     through "3c."

4

United States District Court
For the Northern District of California

1    subordinates if the supervisor participated in or directed the

2    violations, or knew of the violations and failed to act to prevent

3    them." <u>Taylor</u>, 880 F.2d at 1045.  An administrator may be liable

4    for deliberate indifference to a serious medical need, for

5    instance, if he or she fails to respond to a prisoner's request for

6    help.  <u>Jett v. Penner</u>, 439 F.3d 1091, 1098 (9th Cir. 2006).

7    "'Supervisory liability is imposed against a supervisory official

8    in his individual capacity for his own culpable action or inaction

9    in the training, supervision, or control of his subordinates, for

10   his acquiescence in the constitutional deprivations of which the

11   complaint is made, or for conduct that showed a reckless or callous

12   indifference to the rights of others.'"  <u>Preschooler II v. Davis</u>,

13   479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted).

14       Read liberally, the allegations in Plaintiff's amended

15   complaint may state a deliberate indifference claim against

16   Defendant Castro.  However, Plaintiff's allegations fail to state a

17   claim of supervisory liability against Defendants Flynn, Hedgpeth,

18   Lee and Allen; therefore, this claim is DISMISSED without

19   prejudice.

20       Plaintiff alleges that Defendants Gonzalez and Hager are

21   liable for mis-handling his grievances.  Although there is a First

22   Amendment right to petition government for redress of grievances,

23   there is no right to a response or any particular action.  <u>See</u>

24   <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right

25   to petition the government for redress . . . is not compromised by

26   the prison's refusal to entertain his grievance.").

27       The complaint does not, however, state a claim for relief

28   against Defendants Gonzalez and Hager, who partially granted

**United States District Court**
For the Northern District of California

1  Plaintiff's appeal at the first level of review.

2      Generally, there is no constitutional right to a prison

3  grievance system, <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988),

4  or to a response or any particular action if a grievance system is

5  provided, <u>Flick</u>, 932 F.2d at 729.  Under certain circumstances, it

6  may be that a prison grievance reviewer who becomes aware of an

7  unmet serious medical need on the part of an inmate and who acts

8  with deliberate indifference could be held liable for a civil

9  rights violation.  Here, however, Defendants Gonzalez and Hager

10 partially granted Plaintiff's appeal, finding that the SVSP medical

11 staff was resolving his issues.  Plaintiff does not state any facts

12 describing how they mishandled his appeal or what they failed to

13 do.  Accordingly, Plaintiff's claim against Defendants Gonzalez and

14 Hager relating to the grievance process is DISMISSED without

15 prejudice.

16     As to Plaintiff's claims that SVSP physicians discontinued his

17 medications for no reason on June 27, 2007, the Court directed

18 Plaintiff to show that he has exhausted his administrative remedies

19 as to this claim.  Attached to his amended complaint is the

20 grievance relating to this claim; however, it has not been

21 exhausted through the Director's level of review.  Accordingly,

22 this claim is DISMISSED without prejudice to refiling in a new

23 action once he has exhausted his administrative remedies as to this

24 claim.

25     Finally, as mentioned above, the Court gave Plaintiff leave to

26 amend his retaliation claim against Defendants Hager and Gonzales

27 and his disability discrimination claim against the CDCR.  Failure

28 to do so would result in dismissal of his retaliation and

disability claims without prejudice.  The time to file amended retaliation and disability claims has passed, and Plaintiff has failed to include these claims in his amended complaint. Accordingly, Plaintiff's retaliation claim against Defendants Hager and Gonzales as well as his disability discrimination claim against the CDCR are DISMISSED without prejudice.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Plaintiff states a cognizable claim for deliberate indifference to his serious medical needs against Defendant Castro.

2.    Plaintiff's remaining claims against all the other named Defendants are DISMISSED without prejudice.

3.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1), the amended complaint (docket no. 18) and all attachments thereto along with a copy of this Order to Nurse Castro at SVSP.  The Clerk shall also mail copies of these documents to the Attorney General of the State of California.  In addition, the Clerk shall serve a copy of this Order on Plaintiff.

4.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendant will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is

United States District Court
For the Northern District of California

7

**United States District Court**
For the Northern District of California

waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

5. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than ninety (90) days from the date Defendant's answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than

United States District Court

For the Northern District of California

1  <u>sixty (60) days</u> after the date on which Defendant's motion is

2  filed.  The Ninth Circuit has held that the following notice should

3  be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

4          The defendant has made a motion for summary
        judgment by which they seek to have your case dismissed.
5       A motion for summary judgment under Rule 56 of the
        Federal Rules of Civil Procedure will, if granted, end
6       your case.

7          Rule 56 tells you what you must do in order to
        oppose a motion for summary judgment.  Generally, summary
8       judgment must be granted when there is no genuine issue
        of material fact -- that is, if there is no real dispute
9       about any fact that would affect the result of your case,
        the party who asked for summary judgment is entitled to
10      judgment as a matter of law, which will end your case.
        When a party you are suing makes a motion for summary
11      judgment that is properly supported by declarations (or
        other sworn testimony), you cannot simply rely on what
12      your complaint says.  Instead, you must set out specific
        facts in declarations, depositions, answers to
13      interrogatories, or authenticated documents, as provided
        in Rule 56(e), that contradict the facts shown in the
14      defendant's declarations and documents and show that
        there is a genuine issue of material fact for trial.  If
15      you do not submit your own evidence in opposition,
        summary judgment, if appropriate, may be entered against
16      you.  If summary judgment is granted [in favor of the
        defendants], your case will be dismissed and there will
17      be no trial.

18 <u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

19 banc).

20      Plaintiff is advised to read Rule 56 of the Federal Rules of

21 Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)

22 (party opposing summary judgment must come forward with evidence

23 showing triable issues of material fact on every essential element

24 of his claim).  Plaintiff is cautioned that because he bears the

25 burden of proving his allegations in this case, he must be prepared

26 to produce <u>evidence</u> in support of those allegations when he files

27 his opposition to Defendant's dispositive motion.  Such evidence

28 may include sworn declarations from himself and other witnesses to

United States District Court

For the Northern District of California

the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c.   If Defendant wishes to file a reply brief, Defendant shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

d.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.   All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9.   Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED:    7/23/09                    _____
                                     CLAUDIA WILKEN
                                     UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GARY LEE FLEMING,

        Plaintiff,

   v.

DIRECTOR OF CORRECTIONS et al,

        Defendant.
_____/

Case Number: CV07-02338 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 23, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gary Lee Fleming
T-29495
Salinas Valley State Prison
POB 1050
Soledad,  CA 93960-1030

Dated: July 23, 2009

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk