United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY LEE FLEMING,

Plaintiff,

v.

NURSE CASTRO,

Defendant.
_______________________________/

No. C 07-02338 CW (PR)

ORDER DIRECTING PLAINTIFF TO PROVIDE REQUIRED INFORMATION NECESSARY TO IDENTIFY DEFENDANT CASTRO

Plaintiff filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. The Court issued an Order of Service and mailed a Notice of Lawsuit, a Request for Waiver of Service of Summons as well as the amended complaint to Defendant Nurse Castro. The Court dismissed without prejudice Plaintiff's remaining claims against all the other named Defendants.

Service has been ineffective on Defendant Castro. The Court has been informed that there are "two contract employees" with the same "Nurse" title as well as the same last name of Castro at Salinas Valley State Prison.

As Plaintiff is proceeding in forma pauperis, he is responsible for providing the Court with the full names and current addresses for all Defendants so that service can be accomplished. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a pro se

litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal's office is unable to effectuate service through no fault of its own, e.g., because Plaintiff failed to provide sufficient information or because the defendant is not where Plaintiff claims, and Plaintiff is informed, Plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official); see also Del Raine v. Williford, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to effect service timely on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

IT IS HEREBY ORDERED THAT within thirty (30) days of the date of this Order, Plaintiff must provide the Court with the required information necessary to identify Defendant Castro, such as first name or identification number. Failure to do so shall result in the dismissal of all claims against Defendant Castro. If Plaintiff provides the Court with aforementioned required information, service shall again be attempted. If service fails a second time, all claims against Defendant Castro shall be dismissed, and this case shall be closed.

IT IS SO ORDERED.

DATED: 10/22/2009

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GARY LEE FLEMING,

Plaintiff,

v.

DIRECTOR OF CORRECTIONS et al,

Defendant.

_____________________________________/

Case Number: CV07-02338 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gary Lee Fleming
T-29495
Salinas Valley State Prison
POB 1050
Soledad, CA 93960-1030

Dated: October 22, 2009

Richard W. Wieking, Clerk
By: Clara Pierce, Deputy Clerk