|   |   |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| 2 |   |
| 3 | FOR THE NORTHERN DISTRICT OF CALIFORNIA |

GARY LEE FLEMING,  No. C 07-02338 CW (PR)

      Plaintiff,  ORDER DISMISSING WITHOUT
PREJUDICE CLAIMS AGAINST
  v.  DEFENDANT NURSE CASTRO AND
CLOSING FILE

NURSE CASTRO,

      Defendant.
_____/

    Plaintiff filed the instant pro se civil rights complaint under 42 U.S.C. § 1983.  On July 23, 2009, the Court issued an Order of Service and mailed a Notice of Lawsuit, a Request for Waiver of Service of Summons as well as the amended complaint to Defendant Nurse Castro.  The Court dismissed without prejudice Plaintiff's remaining claims against all the other named Defendants.

    Defendant Castro has not been served in this action.  The Court has been informed that there are "two contract employees" with the same "Nurse" title as well as the same last name of Castro at Salinas Valley State Prison.

    As Plaintiff is proceeding in forma pauperis (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished.  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

    Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of

service. When advised of a problem accomplishing service, a <u>pro se</u> litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information, the plaintiff must seek to remedy the situation or face dismissal. <u>See</u> <u>Walker</u>, 14 F.3d at 1421-22 (prisoner failed to show cause why claim against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

In an Order dated December 9, 2009, the Court informed Plaintiff that service had been ineffective on Defendant Castro and directed Plaintiff to provide the Court with the required information necessary to identify Defendant Castro, such as a first name or identification number, within thirty days of the Order. Thirty days have passed, and Plaintiff has failed to provide the Court with the aforementioned required information.

Accordingly, all claims against Defendant Castro -- the only remaining Defendant in this action -- are DISMISSED without prejudice under Rule 4(m).

The Clerk of the Court shall enter judgment pursuant to this Order, terminate all pending motions, and close the file.

IT IS SO ORDERED.

DATED: 2/2/10

                CLAUDIA WILKEN
                United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GARY LEE FLEMING,

    Plaintiff,

v.

DIRECTOR OF CORRECTIONS et al,

    Defendant.

Case Number: CV07-02338 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gary Lee Fleming
T-29495
Salinas Valley State Prison
POB 1050
Soledad, CA 93960-1030

Dated: February 2, 2010

    Richard W. Wieking, Clerk
    By: Sheilah Cahill, Deputy Clerk